UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2008 FEB 22 A 11: 11

U.S. DIST. COURT
EAST. DIST. MICHIGAN

EVERETT COX,

    Plaintiff,

v.

Civil Action No. 2:08-CV-10568
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

C. MARCOTTE, et. al.,

    Defendants,

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Everett Cox, ("plaintiff"), presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

Plaintiff's complaint is missing several pages and does not indicate where the defendants are located or where the alleged constitutional violations took place. However, it appears from plaintiff's application to proceed *in forma pauperis* that he is attempting to re-file as an individual plaintiff an action that he originally attempted to bring as part of a class action with several other prisoners. This case initially was filed in this district court. On April 20, 2007, this Court

1

ordered that the matter be transferred to the United States District Court for the Western District of Michigan because all of the acts and omissions complained of by all of the plaintiffs, including this plaintiff, took place in the Western District of Michigan. See Carney, et. al. v. Trendeau, et. al., U.S.D.C. No. 2:07-CV-11634 (E.D. Mich. April 20, 2007). On September 6, 2007, Magistrate Judge Timothy P. Greeley recommended that the plaintiffs' motion to certify class be denied and that the complaint be dismissed without prejudice. See Carney, et. al. v. Treadeau, et. al., U.S.D.C. No. 2:07-CV-83 (W.D. Mich. September 6, 2007). It is unclear from the Western District of Michigan's docket sheet whether Judge Wendell A. Miles has adopted the recommendation and dismissed the case. [1]

This Court notes from the original complaint filed in the class action lawsuit that all of the defendants named by plaintiff in his current complaint are employed at the Marquette Branch Prison in Marquette, Michigan. [2] At the time that the class action suit was filed, plaintiff was incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan. [3] Plaintiff is also currently incarcerated

---

[1] This Court obtained much of this information both from the Internet website for the United States District Court for the Western District of Michigan, as well as from this Court's docket sheet. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See United States ex. rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. See e.g. Graham v. Smith, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). In addition, a district court is permitted to take judicial notice of its own files and records in a prisoner civil rights case. See e.g. Mangiafico v. Blumenthal, 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005)

[2] See Complaint [from Case # 07-11364/07-CV-83], ¶ 7, p. 8.

[3] See Id., ¶ 3, p. 6.

2

at the Alger Maximum Correctional Facility in Munising, Michigan. Finally, plaintiff's allegations in this complaint appear to be identical to the allegations raised in the original complaint filed in the class action lawsuit. [4]

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. See *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

---

[4] See Id., Claim XV, p. 117; Claim # XXIV, p. 125, Claim XXV, p. 125.

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place either at the Baraga Maximum Correctional Facility or at the Marquette Branch Prison, which are both located in the Northern Division of the Western District of Michigan. See *Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992). Plaintiff is currently incarcerated in the Western District of Michigan and the defendants reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." See *Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)). Moreover, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. See *Welch v. Kelly*, 882 F. Supp. 177, 180 (D.D.C. 1995). Finally, plaintiff's claims would be better addressed by the judge who is hearing the consolidated class actions. See e.g. *Harbison v. Alexander*, 840 F.2d 17 (Table); 1988 WL 12114 (6th Cir. February 17, 1988)(citing *Johnson v. McKaskle*, 727 F. 2d 498, 501 (5th

Cir.1984)). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

*Paul J. Komives*

**PAUL J. KOMIVES**
UNITED STATES MAGISTRATE JUDGE

DATED: 2/22/2008